**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

**UNITED STATES OF AMERICA,**

    **Plaintiff/Respondent,**

**vs.**               **No. CIV 06-0025 BB/LCS**

**RIGOBERTO MARQUEZ a/k/a
ARTURO RASCON-GARCIA,**

    **Defendant/Movant.**

**MAGISTRATE JUDGE'S PROPOSED FINDINGS
AND RECOMMENDED DISPOSITION**

  **THIS MATTER** comes before the Court upon Movant's Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody pursuant to 28 U.S.C. § 2255 filed January 9, 2006. (Doc. 1.) Movant attacks the Sentence entered on March 9, 2003, in the case styled *USA v. Rascon-Garcia*, CR 02-501 BB, United States District Court for the District of New Mexico. (Doc. 129, 02CR501.) The United States Magistrate Judge, having reviewed the Petition and having considered the submissions of the parties, the record herein, relevant authorities, and being otherwise fully advised, recommends that Movant's Motion be **DENIED** in part.

  **I. PROCEDURAL HISTORY**

  1. On April 2, 2002, a federal grand jury returned an indictment against Movant. (Doc. 23/02CR501.) The grand jury charged Movant, an alien and prior offender, with four counts: (1) conspiracy to import under 21 U.S.C. § 963; (2) importation of five kilograms and more of cocaine under 21 U.S.C. §§ 952(a), 960(a)(1), and 960(b)(1), and aiding and abetting under 18 U.S.C. § 2; (3) importation of fifty kilograms and more of marijuana under 21 U.S.C. §§ 952(a), 960(a)(1),

1

960(b)(3), and aiding and abetting under 18 U.S.C. § 2; and (4) conspiracy under 21 U.S.C. § 846. (*Id.*)

2. On July 11, 2002, a jury trial commenced against Movant on counts (1)-(3) of the indictment. (Doc. 49, 02CR501.) On July 13, 2002, a jury found Movant guilty on all counts. (Doc. 52, 02CR501.)

3. On March 9, 2003, the district court sentenced Movant to a total term of 360 months in prison. (Doc. 129, 02CR501.) The court sentenced Movant based on the sentencing guidelines, setting his offense level at 37 and criminal history category at VI. (*Id.*) Based on the guidelines, the range from which the district court could have set Movant's sentence was 360 months to life. (*Id.*) On March 23, 2004, the district court entered judgment in Movant's case. (Doc. 130, 02CR501.)

4. On March 30, 2004, Movant filed a notice of appeal. (Doc. 131, 02CR501.) On February 23, 2005, the Tenth Circuit affirmed Movant's conviction. (Doc. 153, 02CR501.) The Court addressed Movant's claims regarding sufficiency of the evidence and an Allen instruction. (*Id.*) The Court briefly addressed a *Booker* claim raised by Movant in a Federal Rule of Appellate Procedure 28(j) letter. (*Id.*) The Court stated that: "We have previously held that such claims are not properly raised in 28(j) letters." (*Id.*)

5. On January 9, 2006, Movant filed the instant motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255. (Doc. 1.) Movant appears to argue that his sentence violated his rights under the Supreme Court's decisions in *Booker* and *Apprendi*. *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005); *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). On June 26, 2006, the United States filed its response to Movant's motion. (Doc. 5.)Monday, August 28, 2006 9:00 AM - 10:00 AM - 05cv1122 - Deadline

for Plaintiff's reports - Hyatt v. Dotson

## II.     ANALYSIS

Movant raises the following issues in his motion: (I) the sentencing judge violated Movant's rights under *Booker* by imposing a "mandatory" sentence; and (II) the sentencing judge violated Movant's rights under *Apprendi* by improperly finding that Movant was a prior offender and by sentencing him based, in part, upon career offender status.

After reviewing the motions, files, and records of the case, if this Court has any question as to whether the prisoner is entitled to relief, 28 U.S.C. § 2255 directs that I hold an evidentiary hearing to "determine the issues and make findings of fact . . . ."  When reviewing the motions, the Court will liberally construe a *pro se* litigant's pleadings and hold them to a less stringent standard than pleadings drafted by an attorney. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (citations omitted).  If the record conclusively shows Movant is not entitled to relief, the Court may deny his § 2255 motion without an evidentiary hearing.  28 U.S.C. § 2255; *United States v. Marr*, 856 F.2d 1471, 1472 (10th Cir. 1988) (citation omitted).

I previously issued an order setting a hearing on Movant's *Booker* claim.  In that order, I stated that as to Movant's *Apprendi* claim, I find absolutely no merit.  This proposed findings and recommended disposition provides my rationale for that finding.

### The Sentencing Judge Did Not Violate Movant's Rights Under *Apprendi*.

6.      Movant's *Apprendi* claim fails for several reasons.  First, Movant is procedurally barred from raising this issue because he did not raise it on direct appeal.  A defendant may not bring a § 2255 motion "to test the legality of matters which should have been raised on direct appeal." *United States v. Warner*, 23 F.3d 287, 291 (10th Cir. 1994) (citing *United States v. Cook*, 997 F.2d

1312, 1320 (10th Cir. 1993)); *see also United States v. Cervini*, 379 F.3d 987, 990 (10th Cir. 2004). Failing "to present an issue on direct appeal bars [the defendant] from raising the issue in his § 2255 motion . . . ." *Warner*, 23 F.3d at 291 (citing *Cook*, 997 F.2d at 1320). Movant was found guilty by a jury of his peers and did not raise his *Apprendi* claim on direct appeal, so it is subject to this procedural bar. The only way Movant can bypass this rule is to "show cause excusing his procedural default and actual prejudice resulting from the errors of which he complains[,]" or that he is actually innocent of his crimes. *Id.* (citing *Cook*, 997 F.2d at 1320); *see also Davis v. United States*, 417 U.S. 333, 346 (1974). Movant is not claiming actual innocence, so his procedural default will not be excused on that ground.

7.     Nor does Movant allege any facts to show cause for not raising this issue on appeal. Even if there were good cause, Movant cannot show prejudice because his claim would fail on the merits. The Supreme Court, in *Apprendi*, stated that: "***Other than the fact of a prior conviction***, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Apprendi*, 530 U.S. at 490 (emphasis added). Additionally, the Tenth Circuit has held that "the government is not required to charge in an indictment or prove to a jury either: 1) the existence of prior convictions; or 2) their classification as 'violent felonies.'" *United States v. Austin*, 426 F.3d 1266, 1270 (10th Cir. 2005) (citing *United States v. Moore*, 401 F.3d 1220, 1221, 1224-25, n.2).

8.     In this case, Movant was convicted on multiple counts, including conspiracy to import, importation of five kilograms and more of cocaine, and importation of fifty kilograms and more of marijuana. At sentencing, Movant's attorney requested Movant be sentenced as a level 34 offender, with a criminal history category of VI. The court responded, adopting a pre-sentence report, and

stated that:

> I've concluded that [Movant] . . . does meet the criteria, and that his circumstances do not take him out of the heartland of the career offender category; so I will sentence [Movant] to the career offender sentence . . . . As to each of Counts I and II of indictment 02 Criminal 501, the defendant . . . is sentenced to . . . a term of 360 months. Said terms shall run concurrently. As to Count III . . . the defendant . . . is sentenced to . . . a term of 240 months. Said terms shall run concurrent with the terms of imprisonment imposed in Counts I and II.

(Transcript of Sentencing, 02CR501.)  Consequently, the court classified Movant's offense level at 37 and his criminal history category at VI.  (Transcript of Sentencing, 02CR501; PSR, 02CR501)  I have thoroughly reviewed both the sentencing transcript and the pre-sentence report, as well as other relevant documents.  Nothing indicates that the sentencing judge made any unsupported findings.  Indeed, the sentencing judge increased Movant's offense level based only upon a finding of Movant's prior conviction, a finding permitted under *Apprendi* and Tenth Circuit precedent.  *Apprendi*, 530 U.S. at 490; *Austin*, 426 F.3d 1266, 1270.

9.   If what Movant is attempting in his Petition is to couch his *Apprendi* claim as one for ineffective assistance of counsel, that too would fail.  Claims of ineffective assistance of counsel "present mixed questions of law and fact . . . ."  *Fisher v. Gibson*, 282 F.3d 1283, 1290 (10th Cir. 2002) (citation omitted).  To prove that his counsel's assistance was constitutionally ineffective, Movant has the burden of meeting the two prong test formulated by the United States Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984).

> First, the defendant must show that counsel's performance was deficient.  This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment.  Second, the defendant must show that the deficient performance prejudiced the defense. . . .

5

>Unless a defendant makes both showings, it cannot be said that the conviction . . . resulted from a breakdown in the adversary process .
>. . .

*Id.* at 687.  For the reasons discussed above, Movant would be unable to show either prong.  For the foregoing reasons, Movant's *Apprendi* claim should be denied.

### III.    RECOMMENDATION

10.    I recommend that Movant's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 be **DENIED** in part.  Timely objections to the foregoing may be made pursuant to 28 U.S.C. § 636(b)(1)(C).  Within ten days after a party is served with a copy of these proposed findings and recommendations that party may, pursuant to § 636(b)(1)(C), file written objections to such proposed findings and recommendations with the Clerk of the United States District Court, 333 Lomas Blvd. NW, Albuquerque, NM 87102.  A party must file any objections within the ten day period if that party wants to have appellate review of the proposed findings and recommendation.  If no objections are filed, no appellate review shall be allowed.

_____
**LESLIE C. SMITH**
**UNITED STATES MAGISTRATE JUDGE**